IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 07-0013-WS-B |
| | ) |
| DAVID ANTHONY MORRISON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant David Anthony Morrison's *pro se* submission styled "Appearance Brief in the Nature of Judicial Notice" (doc. 317).

The court file reflects that on July 19, 2007, Morrison entered a guilty plea to one count of conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846. (*See* docs. 147 & 148.) On October 19, 2007, this Court sentenced Morrison to a term of imprisonment of 151 months. (*See* doc. 224.) On direct appeal, Morrison's then-counsel submitted an *Anders* brief, after which the Eleventh Circuit concluded that defendant had no arguable issues of merit and affirmed his and sentence on August 7, 2008. (*See* doc. 292.) Morrison's subsequent § 2255 motion to vacate, set aside or correct his federal sentence was denied on October 3, 2012. (*See* docs. 314 & 315.)

Now Morrison files more than 60 pages of mostly incomprehensible documents, in which he refers to himself as a "Third Party Intervenor, Secured Party Creditor," identifies the U.S. Attorney for the Southern District of Alabama as a "trustee and fiduciary agent," and states that he "has accepted for value the Prosecutors's [*sic*] claim and offer." (Doc. 317, at 1.) The stated premise of Morrison's filing is that the Government "has failed to bring forth proof of claim" and that this Court should "dismiss the debt." (*Id.* at 2.) Accompanying Morrison's principal filing are an "Affidavit and Notice of Default and of Res Judicata," an "Affidavit of Certificate of Non-Response and Failure to Contest Acceptance and Agreement," a "Notice of Fault and Opportunity to Cure and Contest Acceptance," a "Non Negotiable Security Agreement" between Morrison and himself, a "Common Law Copyright Notice" to Morrison's name, and so on. By all appearances, Morrison has been bombarding the U.S. Attorney's Office with these

nonsensical filings for some time in an effort to set the stage for his present demand that the indictment be dismissed, the criminal judgment be vacated, and he be released immediately.

Defendant's filings, individually and collectively, are utterly frivolous and devoid of even the slightest legal merit. This criminal prosecution (and accompanying criminal judgment entered against Morrison) is not and never has been a commercial transaction subject to the Uniform Commercial Code. Morrison is not a "creditor" of the U.S. Attorney's Office. The Government owes Morrison nothing in connection with this prosecution, and his harassing "notices of default" and similar absurd documents transmitted to the U.S. Attorney's Office entitle him to no relief whatsoever. Morrison entered a guilty plea to a controlled substance offense as charged in the Indictment. He was duly and properly sentenced to a term of imprisonment. His direct and collateral appeals have been exhausted. He has not been wronged, he has no remedy, and there is absolutely no legal authority that supports any of the outlandish requests, reckless assertions, and delusional theories identified in his latest submission.

Unfortunately, Morrison's filings are not unique in the undersigned's experience. "Prisoners have sporadically attempted to foist such frivolous, irrational, unintelligible UCC-related arguments on federal district courts for years. Such efforts (which broadly fall under the theory of 'redemption') have uniformly been rejected in summary fashion, and may subject their filers to prosecution should they proceed to file frivolous bonds, liens or default notices against government officials involved in defendants' incarceration." *United States v. Ornelas*, 2010 WL 4663385, *1 (S.D. Ala. Nov. 9, 2010); *see also United States v. Staten*, 2012 WL 2389871, *3 (M.D. Pa. June 25, 2012) ("Courts across the United States have uniformly rejected arguments based on the redemption theory or substantially similar theories."); *Luster v. United States*, 2010 WL 3927786, *2 (M.D. Ga. Apr.13, 2010) ("Petitioner's references to the Uniform Commercial Code and commercial transactions provided no relief from his criminal conviction and sentence for bank robbery to which he pleaded guilty."); *Marshall v. Florida*, 2010 WL 1248846, *1 n. 2 (S.D. Fla. Feb.1, 2010) ("Redemption is an anti-government scheme that utilizes commercial law to harass and terrorize its targets. It is increasingly popular among prison populations. The theory advocates that an individual can 'redeem' himself through the filing of commercial documents.... Federal authorities have successfully prosecuted perpetrators of these schemes under various criminal statutes.") (citations omitted); *Black v. Florida*, 2009 WL 1605410, *3 (N.D. Fla. June 4, 2009) ("Petitioner's use of language from the Uniform Commercial Code, inapplicable to

criminal proceedings, is also unavailing."); *United States v. Joseph*, 2008 WL 3929583, *3 (M.D. Ga. Aug.21, 2008) (rejecting criminal defendant's pleadings as a "mysterious mix of catch phrases from the Uniform Commercial Code and Maritime Law"); *Jordan v. United States*, 2007 WL 3005326, *4 (M.D. Ga. Oct.12, 2007) (defendant's "assertions of the applicability of the Uniform Commercial Code, his personal sovereignty, and his copyright to his name are incorrect, irrelevant, and immaterial to his criminal prosecution, conviction and sentence"); *Hardin v. Michigan Dep't of Corrections*, 2007 WL 1975102, *6 (W.D. Mich. Mar. 28, 2007) ("The abusive practice of petitioners filing baseless liens and/or UCC financing statements for the purpose of harassment and credit impairment of the alleged debtor (almost always a state or federal official involved with securing the prisoner's incarceration) is well documented."); *United States v. Mitchell*, 405 F. Supp.2d 602, 604–05 (D. Md. 2005) (pointing out that such arguments "have been summarily rejected" in criminal cases around the country, inasmuch as "the U.C.C. has no bearing on criminal subject matter jurisdiction" and defendant's arguments are rooted in "the antics and writings of extremists who wish to disassociate themselves from the social compact undergirding this nation's democratic institutions").

In light of these authorities and the obviously baseless nature of Morrison's filings, any and all requests for relief embedded in his "Appearance Brief in the Nature of Judicial Notice" and accompanying filings are hereby **denied**. Morrison is strongly cautioned that should he persist in this pattern of sending frivolous, harassing notices to prosecutors and other government officials and should he follow through on threats to register frivolous liens, UCC notices, or bonds against any of them, Morrison may invite prosecution for obstruction of justice or other and further criminal charges, as did defendants in many of the cases cited above who engaged in similar baseless acts of harassment and intimidation under the guise of the Uniform Commercial Code. *See, e.g., United States v. Talley*, 2007 WL 2208811, *1 (N.D. Fla. July 27, 2007) (federal prisoner indicted for conspiracy and obstruction of justice after filing bonds, default notices and creditor liens pursuant to the UCC against the federal judge and prosecutors involved in his criminal trial). At any rate, the Court will not tolerate (and will summarily strike) any filings by Morrison of a similar tenor to his most recent submission. *See Staten*, 2012 WL 2389871, at *4 ("Defendant Staten is strongly cautioned to cease filing documents with the Court containing these or similar requests. Further submissions of this kind will be summarily stricken as baseless acts of harassment and manipulative tactics that the Court will no longer tolerate.").

DONE and ORDERED this 31st day of July, 2013.

                                        s/ WILLIAM H. STEELE
                                        CHIEF UNITED STATES DISTRICT JUDGE