# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. ACT. NO. 1:07-cr-13-TFM-B |
| | ) | |
| DAVID ANTHONY MORRISON | ) | |

## ORDER

Pending before the Court is the *Pro se Motion to Modify Sentence* (Doc. 454, filed 8/31/20) and the *United States' Response to Morrison's Request for Early Release* (Doc. 457, filed 10/1/20). For the reasons discussed below and the United States' response, the motion is **DENIED**

The court file shows Morrison pled guilty to conspiracy to manufacture at least 500 grams of methamphetamine in violation of 21 U.S.C. § 846. The Court sentenced Morrison to 151-months imprisonment and 60-months of supervised release. Later, the Court reduced the sentence to 121 months because of a retroactively applicable Guidelines amendment. On July 29, 2016, Morrison began serving his term of Supervised Release. On June 30, 2020, the Probation Officer filed a Petition seeking to revoke Morrison's supervised Release. The petition alleged 4 separate violations of supervision by Morrison, namely: Morrison violated the Statutory Condition that he not commit another crime inasmuch as he was arrested for Domestic Violence, Third Degree (a misdemeanor); Morrison failed to follow the instructions of the Probation Officer; Morrison unlawfully possessed a controlled substance; and Morrison associated with another felon. On August 20, 2020, the Court found Morrison committed the violations and imposed a 12 month term of imprisonment. *See* Doc. 451, Judgement on Revocation. A mere five (5) days later Morrison filed the instant motion.

Morrison is one of several defendants to petition this Court for compassionate release or modification of sentence based on the effects of the COVID-19 pandemic. In his *pro se* motion,

Morrison cites 18 U.S.C. § 3582(c)(1)(A), as modified by § 603 of the First Step Act enacted in December 2018 which allows a defendant to petition the Court directly for reduction of a term of imprisonment, without a motion by the Director of the Bureau of Prisons ("BOP"), after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).  According to the Bureau of Prisons inmate locator website, Morrison is not in federal custody and thus the government concedes Morrison, under the amended version of the statute, may seek judicial modification of his term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* Doc. 457 at 3, n. 1 (United States acknowledges the motion is properly before the Court).  Morrison now does so.

Any such reduction in sentence for "extraordinary and compelling reasons" must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  The Sentencing Commission's applicable policy statement, set forth at Application Note 1 to the Commentary of § 1B1.13 of the Federal Sentencing Guidelines, defines "extraordinary and compelling reasons" justifying sentence reduction as including (i) the defendant's serious medical condition diminishing his ability to provide self-care within the environment of a correctional facility; (ii) the advanced age of the defendant; (iii) family circumstances such as death or incapacitation of the caregiver of the defendant's minor children; and (iv) other reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. §1B1.13.

Morrison alleges he is 52 years old, suffers from hypertension, and in January 2010 was diagnosed with cancer, a serious medical condition.  Though he generally cites factors (i), (ii), and (iii), Morrison does not allege any circumstances that fall within the third category of

extraordinary and compelling reasons. When considering, factors (i), (ii), and (iv), in the calculus of the Court the factors militate against release of Morrison.

Though Defendant cites to (i) the defendant's serious medical condition diminishing his ability to provide self-care within the environment of a correctional facility and (ii) the advanced age of the defendant, the Court does not find that he meets the definitions of those factors. Though Defendant has hypertension and cancer, he provides no evidence that it diminishes his ability to provide self-care within the environment of a correctional facility as required by factor one. With regard to his age, Application Note 1 to the Commentary of § 1B1.13 indicates that advanced age "is at least 65 years old." At 52 years old, though he is certainly at greater risk than someone in their 20s, 30s, or even 40s, the Court cannot find Morrison meets "the advanced age" contemplated by this factor.

Therefore, the only remaining factor is (iv) other reasons "[a]s determined by the Director of the Bureau of Prisons."

The BOP's Program Statement 5050.50 identifies in some detail the types of reasons that the Director of the BOP deems "extraordinary and compelling" within the fourth prong of the Sentencing Commission's policy statement. Nothing in BOP PS 5050.50 reflects a determination by the BOP that compassionate release may be appropriate based on an inmate's generalized fear of contracting COVID-19 in prison. As such, Morrison is effectively urging this Court to find that his circumstances constitute an "extraordinary and compelling reason" for § 3582(c)(1)(A) relief, even though doing so would <u>not</u> be within the scope of reasons determined by the BOP to be extraordinary and compelling and therefore would <u>not</u> be consistent with the Sentencing Commission's applicable policy statement. Simply put, then, Morrison's motion would have this Court ignore statutory language requiring that sentence reductions for "extraordinary and compelling reasons" be consistent with Sentencing Commission policy statements by essentially

superimposing the Court's own policy preferences over those of the Sentencing Commission and the Bureau of Prisons.

Even assuming this Court were empowered now to make determinations of "extraordinary and compelling reasons" in addition to those specified in U.S.S.C. § 1B1.13 and PS 5050.50, the Court would not find that the circumstances described by Morrison meet that high standard for compassionate release.  Simply put, Morrison has not identified any reason to believe he is at a heightened risk of becoming infected with the coronavirus in his present place of incarceration given that he is not currently in a federal custodial facility.  To understand why, it is helpful to examine § 12003(b)(2) of the CARES Act, which gave the Attorney General authority to lengthen the maximum amount of time for which the BOP is authorized to place a prisoner in home confinement beyond the limits imposed by 18 U.S.C. § 3624(c)(2).  In exercising this authority, the Attorney General has issued Memoranda to the Director of the BOP dated March 26, 2020 and April 3, 2020.  Among other things, those Memoranda enumerate criteria for inmates to be eligible for home confinement.  Those discretionary factors include, without limitation, the following: (i) the age and vulnerability of the inmate to COVID-19, in accordance with CDC guidelines; (ii) the security level of the facility, with priority given to inmates residing in low and minimum security facilities; (iii) the inmate's conduct in prison; (iv) the inmate's score under PATTERN, with inmates scoring above the minimum score not receiving priority treatment; (v) whether the inmate has a demonstrated, verifiable re-entry plan that will prevent recidivism and maximize public safety; and (vi) the seriousness and severity of the inmate's crime of conviction and danger posed by the inmate to the community.  The Attorney General also directed the BOP to maximize appropriate transfers to home confinement of all appropriate inmates held at BOP facilities where significant levels of COVID-19 infection are materially affecting operations.

Many of the non-exhaustive factors listed in the Attorney General's Memoranda do not favor home confinement or early release in this case. Further, Morrison is not in federal custody thus Morrison cannot show the place where he will be confined is unsafe enough to tip the balance in his favor. Therefore, Morrison did not carry his burden to show extraordinary and compelling reasons to warrant a sentence reduction under § 3582(c)(1)(A).

Even if Morrison was able to carry his burden, then the Court must also consider the sentencing factors in 18 U.S.C. § 3553(a) when deciding whether to exercise its discretion in whether or not to grant the motion. 18 U.S.C. § 3582(c)(1)(A). In this case, the sentencing factors clearly do not favor release or home confinement. For example, Morrison, while under supervision, was engaged in narcotics distribution and related activities. If confined at home as Morrison asks, he could continue his involvement with the drug trade. In addition, Morrison has a history of domestic abuse incidents with his boyfriend. Morrison continued to have contact with his boyfriend after he was told three times by his Probation Officer to break off contact with his boyfriend. Undeniably, Morrison because of his pattern of domestic abuse and continued involvement in the narcotics trade while on supervision is a danger to the community and the Court so finds.

Finally, this motion for compassionate release was submitted a mere five (5) days after his revocation hearing. Morrison was well aware of his health conditions when he violated his terms of supervision. Additionally, Morrison, his attorney, the United States, and the Court were well aware of the COVID-19 pandemic and the attendant dangers of the virus during the revocation hearing and when the Court revoked Morrison's term of Supervised release on August 20, 2020. Nothing was before the Court during the revocation hearing or now which convinces the Court it should or must now modify the revocation sentence. Put simply, Morrison's opportunity to remain at home came while he was on supervised release. In spite of his health conditions, he abused his

supervised release by continuing to violate the law and confinement is the only appropriate response. COVID-19 does not change that conclusion.

In summary, the Court finds that Morrison has not shown the "extraordinary and compelling reasons" contemplated by 18 U.S.C. § 3582(c)(1)(A)(i) that might warrant the discretionary exercise of any First Step Act authority for compassionate release or sentence modification to protect him from risks of contracting the COVID-19 virus in prison. Therefore, for all of the foregoing reasons, the *Pro se Motion to Modify Sentence* (Doc. 454) is **DENIED**.

**DONE** and **ORDERED** this 7th day of October, 2020.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE